UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-00202-JMS-WGH |
| ) | |
| SUPERINTENDENT PUTNAMVILLE ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Only an action that extends an inmate's release date subjects him to "custody." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) *cert. denied sub nom. Hanks v. Finfrock*, 531 U.S. 1029 (2000). Because habeas petitioner James Allen is not in custody in violation of federal law with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. ISF 15-02-0381, Allen was found guilty of offense B-233, giving and receiving something of value to another inmate. Contending that the proceeding was constitutionally infirm, Allen seeks a writ of habeas corpus.

Based upon the pleadings and the expanded record, the sanctions imposed in No. ISF 15-02-0381 included a suspended deprivation of earned good time. Due to the passage of time during which that particular sanction was not imposed, the specific sanction can no longer be imposed.

This renders Allen unable to satisfy the "in custody" requirement of the federal habeas statute. The remaining sanctions did not result in the imposition of custody and hence cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) ("State prisoners who want to raise a constitutional challenge to a[ ] . . . decision[ ] such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must . . . employ [42 U.S.C.] ' 1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all . . . ."); *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(explaining that when no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all").

Accordingly, the respondent's unopposed motion to dismiss [dkt. 9] is **granted**. The petition for writ of habeas corpus is denied. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: October 1, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

JAMES ALLEN
174386
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135